UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER AND TRAVIS KNABLE, h/w ) ) ) Plaintiff ) ) vs. ) ) WEST ASSET MANAGEMENT, INC. ) ) Defendant ) ) | Case Number CIVIL COMPLAINT JURY TRIAL DEMANDED |

COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Jennifer and Travis Knable., by and through their undersigned counsel, Brent F. Vullings, Esquire, of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Jennifer and Travis Knable, h/w , (hereinafter "Plaintiffs"), are individual consumers, and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III. PARTIES

4. Plaintiffs, Jennifer and Travis Knable, h/w, ("Plaintiffs") are adult natural persons residing at 7306 Angle Road, Chambersburg, PA 17202. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, West Asset Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Georgia with a physical location located at 2221 New Market Parkway, Suite 118, Marietta, GA 30067.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In the early part of March, 2011, Plaintiffs retained the services of personal legal counsel to assist them in their debt negotiations.

8. On or about March 19, 2011, Plaintiffs attorney sent a cease and desist letter to the Defendant to request that all communication in regards to the Plaintiffs go directly through their law firm.

9. On or about March 31, 2011, Plaintiffs received a call from Defendant collecting on an alleged debt owed on a Barclay's credit account in Plaintiff, Travis's name.

10. Plaintiffs informed the Defendant that they would need to call and speak with their personal legal counsel in this matter.

11. Defendant denied receipt of the Plaintiffs initial cease and desist letter.

12. Defendant refused to work with Plaintiffs attorney.

13. Plaintiffs attorney sent a second cease and desist letter to the Defendant.

14. Plaintiffs continued to receive collection calls from the Defendant.

15. Plaintiffs have never received anything in writing from the Defendant in regards to this matter.

16. On or about April 7, 2011, Plaintiffs received a call from an agent of the Defendant, who first referred to herself as "Jasmine", and then as "Judy", who left a voice mail message stating that she was calling to collect a debt and would need the Plaintiffs to call back as soon as possible.

17. Defendant continues to call the Plaintiffs demanding payment on the above referenced account.

18. On or about April 14, 2011, Plaintiffs attorney faxed another copy of a previously sent cease and desist letter along with a copy of the Plaintiffs Power of Attorney (POA) to the Defendant.

19. Despite extensive knowledge that the Plaintiffs are being represented by an attorney, Defendant continues to place collection calls to the Plaintiffs.

20. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiffs in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

24 The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692c(a)(2)     After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

Case 3:02-at-06000 Document 526 Filed 05/11/11 Page 5 of 9

| | | |
|---|---|---|
| §§ 1692c(c) | | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692e | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | | Failure to send the consumer a 30-day validation notice within 30-days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, West Asset Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

27. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

28. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendants are debt collector pursuant to 73 Pa. C.S. § 2270.3.

29. The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

30. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

32. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

33. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

34. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

WHEREFORE, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

35. The foregoing paragraphs are incorporated herein by reference.

36. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38. The actions of Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendants misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c.  Defendants failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

  39.  As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

  40.  By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a.  An Order declaring that Defendant violated the UTPCPL;

  b.  Actual damages;

  c.  Treble damages;

  d.  An award of reasonable attorney's fees and expenses and cost of suit; and

  e.  Such additional relief as is deemed just and proper, or that the interest of justice may require.

### V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: May 11, 2011

BY: /s/ Brent F. Vullings
Brent F. Vullings, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiffs